UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LEONARD MORALES,

                                                    *Plaintiff*,                    Civil Case No. 23-cv- 01739

                        -against-                                          **FIRST AMENDED
                                                                            COMPLAINT**
THE CITY OF NEW YORK, THE CITY OF NEW YORK
POLICE DEPARTMENT, Officer Mervin WELCH,                     Plaintiff demands a Trial by Jury
Shield# 2051 individually, OFFICER SHAWN
NICHOLSON, Tax ID # 962638, individually, and JOHN
and JANE DOE(S) (whose names and numbers are
unknown at present), and other unidentified officers of the
City of New York Police Department

                                                    *Defendants*.
-----------------------------------------------------------------------X

        Plaintiff LEONARD MORALES (hereinafter referred to as "Plaintiff" and/or "Plaintiff

Morales" and/or "Mr. Morales"), by and through his undersigned counsel, **THE COCHRAN**

**FIRM,** as and for Plaintiffs' Verified Complaint in this action against the Defendants THE CITY

OF NEW YORK, THE CITY OF NEW YORK POLICE DEPARTMENT, OFFICER MERVIN

WELCH Shield No. 2051 (individually), OFFICER SHAWN NICHOLSON, Tax ID # 962638,

individually, and JOHN and JANE DOE(S), said names being fictitious and intended to represent

individual officers of the City of New York Police Department (individually) (hereinafter all

collectively referred to as "Defendants") hereby allege as follows (collectively referred to as

"Defendants"), hereby alleges as follows:

## **INTRODUCTION**

        1.      This is a civil action for compensatory, injunctive, punitive, and exemplary

damages in redress for the deprivation under the color of statute, ordinance, regulation, custom or

usage of a right, privilege and immunity secured by Plaintiff through the United States

Constitution, particularly the 4th 5th and 14th Amendments, 42 U.S.C. §§ 1982, 1983, 1985, and the laws and statutes of the State of New York and the City of New York,

2.    On or about October 1, 2021, absent of a warrant or suspicion of commission of a crime, Defendant CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT dispatched officers to arrest Plaintiff.

3.    Defendant CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT subsequently used excessive force against Plaintiff, arrested Plaintiff without probable cause, and took Plaintiff to jail all in violation of Plaintiffs constitutional rights, Plaintiff did not consent to any confinement and the underlying criminal charges against Plaintiff were dismissed.

4.    Plaintiff alleges that Defendants JOHN and/or JANE DOE(s) (whose identities are unknown to Plaintiff at this time) (hereinafter referred to collectively as "UNKNOWN JOHN and JANE DOE(s)") participated in such wrongful acts, and failed to properly investigate, supervise, and discipline the actions of Defendant officers before, during, and after the improper actions against Plaintiff.

5.    Plaintiff alleges that Defendants CITY OF NEW YORK. and CITY OF NEW YORK POLICE DEPARTMENT were negligent in training, hiring, and supervising the Defendant officers and UNKNOWN JOHN and JANE DOE(S), thus leading to the unjustified excessive force, assault, false arrest, false imprisonment, malicious prosecution, abuse of process, assault, battery, failure to intervene and violation of substantive and procedural due process rights against Plaintiff.

6.    Plaintiff alleges that CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT is liable for the violation of rights, assault, battery, excessive force and/or

negligent physical injury, intentional and/or negligent infliction of severe emotional distress, false arrest, false imprisonment, malicious prosecution, abuse of process, substantive and procedural due process violations because the CITY OF NEW YORK POLICE DEPARTMENT has ignored, condoned, and permitted a pattern of false arrest, false imprisonment, excessive use of force, malicious prosecution, abuse of process, substantive and procedural due process violations, failing to intervene, *Monell* violations, assault and battery, negligence in hiring, training and failing to properly investigate such incidents and discipline the officers involved with the result that police officers of CITY OF NEW YORK POLICE DEPARTMENT are encouraged to believe that they can violate the rights of members of the public, such as Mr. Morales, with impunity and that the CITY OF NEW YORK POLICE DEPARTMENT has acted and continues to act in violation of individual rights, which through their actions constitutes a policy for which Defendants do not have immunity.

7.    Defendants' conduct was knowing, malicious, wanton and in reckless disregard of Plaintiffs rights. It has caused and continues to cause Plaintiff to suffer substantial economic and non- economic harm, severe mental anguish, and emotional distress.

## JURISDICTION AND VENUE

8.    Jurisdiction of this action is conferred upon this Court as this case involves a Federal Question under 42 U.S.C. §§ 1982, 1983, 1985, 1986 and 1988. The Court also has jurisdiction pursuant to; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

9.    Additionally, the Court has supplemental jurisdiction under the State and City laws of New York.

10.    On or about December 21, 2021, Plaintiff LEONARD MORALES' Notice of Claim was timely and properly served upon Defendants CITY OF NEW YORK and CITY OF NEW YORK POLICE DEPARTMENT.

11.     Plaintiff has complied with the request of Defendants for an oral examination pursuant to Section 50-h of the General Municipal law by testifying at a 50-h hearing on March 21, 2022.

12.     At least thirty (30) days have elapsed since the service of the said Notice of Claim prior to the commencement of this action and adjustment of payment thereof has been neglected or refused, and this action has been commenced within one (I) year and ninety (90) days after the occurrence of the event upon which the claims are based.

13.     All conditions and requirements precedent to the commencement of this action have been met.

14.     Venue is proper in this court, as the events giving rise to this action arose in New York County, within the Southern District of New York.

## PARTIES

15.     Plaintiff LEONARD MORALES is thirty-one (31) year old male, who is a resident of the State of New York, New York County. Plaintiff is approximately five foot six inches (5'6) in height.

16.     At all times material, Defendant THE CITY OF NEW YORK (hereinafter referred to as "Defendants CITY" or "CITY") was and still is a municipal entity duly authorized and existing under the laws of the State of New York that may be served with process at Corporation Counsell 00 Church Street, New Yark, NY I0007. Defendant CITY maintained and still maintain the agency City of New York Police Department as authorized under the laws of the State of New York.

17.     Defendant CITY OF NEW YORK POLICE DEPARTMENT (hereinafter referred to as "Defendant NYPD" and/or "NYPD") is a governmental entity maintained by Defendant

CITY that may be served with process at Comptroller of the City of New York, One Centre Street, New York, NY 10007.

18. Upon information and belief, at all times hereinafter mentioned, NYPD is a local governmental agency duly formed and operating under and by virtue of the Laws and Constitution of the State of New York; and is responsible for the policies, practices, and customs of NYPD as well as the hiring, screening, training, supervising, controlling, and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

19. Defendants CITY and NYPD are collectively referred to as "the Municipal Defendants" and/or "the City Defendants".

20. Defendant Officer Mervin Welch Shield No. 2051 (hereinafter referred to as "Defendant Welch" and/or "Officer Welch") at all times herein was, and still is, a duly sworn police officer and employee of NYPD who served as an arresting officer in this incident and was acting under the supervision of said department and according to his official duties.

21. At all times relevant hereto, Defendant Officer Shawn Nicholson, Tax ID #962638 (hereinafter "Officer Nicholson" or "Defendant Nicholson") was a duly sworn police officer and employee of NYPD who served as an arresting officer in this incident and was acting under the supervision of said department and according to his official duties.

22. Defendants JOHN and JANE DOE(S), said names being fictitious and intended to represent individual officers of the City of New York Police Department are employees, staff, personnel, servants and/or agents of NYPD who directly participated in the unlawful activity that is the subject of this Complaint.

23. Welch, Nicholson, and JOHN and JANE DOE(s) are collectively referred to as "the arresting officers" and/or "the individual officers" and/or "the NYPD officers."

24.     On the date of the incident giving rise to this complaint, the arresting officers were assigned to the 83rd Precinct.

25.     Each of the arresting officers is sued in his individual and official capacity. At all times mentioned herein, each arresting officer acted under the color of state law, in the capacity of an officer, employee, and agent of NYPD and without immunity.

26.     Each of the arresting officers at all times relevant to this action had the power and the duty to restrain the other arresting officers and prevent them from violating the law and the rights of the Plaintiff, but each of the arresting officers failed and refused to perform that duty or to restrain the other arresting officers, and thereby became a party to the injuries inflicted upon the Plaintiff and acted in concert with the other to harm Plaintiff.

## STATEMENT OF FACTS

27.     During the evening on or about October 1, 2021, Mr. Morales was standing lawfully in front of his residence in the city and State of New York, in the county of New York, when he was approached by one of his neighbors.

28.     The said neighbor claimed that Plaintiff was responsible for hitting her car while parking.

29.     Plaintiff's vehicle and the said neighbor's vehicle were parked outside of Plaintiff's residence.

30.     Plaintiff surveyed both vehicles and observed no damage to either of the vehicles.

31.     Despite the lack of damage to either of the vehicles, the said neighbor attempted to subject Plaintiff to extortion by demanding a sum of cash.

32.     Plaintiff refused to acquiesce to the said neighbor's extortion attempt and instead offered the neighbor his insurance information.

33.    In response, the said neighbor called 911, and shortly thereafter, multiple squad cars from the NYPD's 83rd Precinct arrived at the scene.

34.    When NYPD officers arrived, Mr. Morales was not and had not committed any crime and was not acting in a suspicious or violent manner, nor was he in possession of any contraband or controlled substances.

35.    However, multiple UNKNOWN JOHN and JANE DOE(s) leapt out of the squad cars and began advancing upon Plaintiff.

36.    Plaintiff found himself surrounded by a swarm of armed officers including the arresting officers, none of whom identified themselves.

37.    The presence of the mob of officers surrounding Mr. Morales was so large that he was terrified.

38.    Plaintiff attempted to explain to the officers on the scene that his neighbor was trying to extort him, but they detained and arrested without just or probable cause in front of his home.

39.    In arresting Plaintiff, the arresting officers were engaged in the regular course of and within the scope of their employment for NYPD.

40.    Further, Defendants Welch and Nicholson acted in concert with Defendants City, NYPD, and JOHN and JANE DOE(S), and NYPD to deprive Plaintiff's constitutional right to be free from false arrest unsupported by probable cause or a warrant.

41.    Without warning Defendants Welch and Nicholson forcefully grasped Plaintiff and violently threw him into the street.

42.    Defendants Welch and Nicholson then grabbed Plaintiff's aims and placed them behind his back.

43.     Plaintiff was immediately compliant and did not present any struggle or resistance against Defendant Welch, yet while Plaintiff's hands were behind his back, Defendant Welch placed his knee on Plaintiff's right arm and began applying painful body weight pressure upon Plaintiff's right arm.

44.     Plaintiff yelled out "MY ARM! MY ARM!!" in and urgent indication to Defendant Welch that Welch's knee was causing Plaintiff's right arm excruciating pain.

45.     Plaintiff continuously pleaded with Defendant Welch to not apply such force to his right arm.

46.     Despite Plaintiff informing Defendant Welch that he was in severe pain, Welch responded by kneeling even harder into Plaintiff's right arm using his full body weight upon Plaintiff's arm, causing it to break.

47.     Plaintiff was compliant with his full body weight upon Plaintiff's arm, causing it to break throughout his arrest. his full body weight upon Plaintiff's arm, causing it to break is also taller and was much heavier and more physically domineering than Plaintiff. Plaintiff presented no physical threat to Defendants, including his full body weight upon Plaintiff's arm, causing it to break.

48.     Plaintiff was acting cooperatively and was firmly under police control when Welch kneeled deeper into his arm, causing intense pain and long-lasting, life-altering injury. Plaintiff is right- handed, so he uses his right arm to accomplish almost every physical task in his life.

49.     Plaintiff begged Defendants for immediate medical attention in light of his serious injury.

50.     Approximately thirty (30) agonizing minutes later, Plaintiff was transported to Wycoff Hospital in Brooklyn where the doctors diagnosed Plaintiff's arm as fractured in three (3) places requiring immediate surgery.

51.     Defendant Welch, demonstrating deliberate indifference to Plaintiff's serious injury and need for emergency medical care, refused to permit Mr. Morales to get treatment and insisted that the hospital release Plaintiff to the precinct for processing, and that Plaintiff could follow up for surgery once Defendants released him from NYPD custody.

52.     Wycoff hospital staff, complying with Welch's orders, placed Plaintiff's arm into a splint, and released him to the NYPD.

53.     Defendants excessively and unreasonably detained Plaintiff for a prolonged period of at least thirty-six (36) hours.

54.     On or about October 3, 2021, Defendants arraigned Plaintiff in Brooklyn Criminal Court for reckless endangerment and assault, along with other lesser included offenses (hereinafter referred to as "Plaintiff's charges").

55.     Upon information and belief, Defendants fabricated Plaintiff's charges as a means of covering up their unlawful misconduct and deprivation of Plaintiff's rights.

56.     Plaintiff never assaulted, touched, nor attempted to touch any member of the NYPD, or any bystander.

57.     On or about January 11, 2022, all of Plaintiff's criminal charges were dismissed in his favor.

58.     The encounter with Defendants, from beginning to end, caused Plaintiff physical injury, humiliation, reputational harm, psychological injury and put him in fear for his life.

59.    NYPD and its agents, servants and employees, particularly its managers, supervisors and counselors are all aware, from lawsuits brought in New York State Supreme Court and the Federal District Courts for the Eastern and Southern Districts of New York, which are matters of public record, and complaints filed with the NYPD's Internal Affairs Bureau (IAB) that many officers of the NYPD, including the individual officers, are not sufficiently trained regarding the law of arrest, the definition of probable cause, and are engaging in a pattern of falsification to conceal their abuse of authority and for other unlawful motives.

60.    The Municipal Defendants !mew, or in the exercise of reasonable care should have known, that the individual officers were incompetent and unfit to perform the job that they were hired to perform, and that the performance of this job involved the risk of harm to others, such as Plaintiff.

61.    The Municipal Defendants were aware, prior to the incident that is the subject of this complaint, that the individual officers lacked the ability to live up to the NYPD mission statement, including the temperament, objectivity, maturity, discretion and proper disposition to enhance the quality of life in New York City by working in partnership with the community to enforce the law, preserve peace, protect the people, reduce fear, and maintain order; lacked the ability to protect the lives and property of their fellow citizens and impartially enforce the law; lacked the ability to maintain a higher standard of integrity than is generally expected of others; lacked the ability to value human life, respect the dignity of each individual and render their services with courtesy and civility; lacked the ability to respect the Constitutional rights of all men to liberty, equality, and justice; and to function lawfully as police officers. Despite such notice, NYPD has retained such officers, and failed to adequately train and supervise them.

62.     NYPD is further aware that such improper training has often resulted in a violation of people's civil rights. Despite such notice, NYPD has failed to take corrective action.

### AS A FIRST CAUSE OF ACTION
### FOR FALSE ARREST
### IN VIOLATION OF 42 U.S.C. § 1983
### NEW YORK STATE CONSTITUTION ARTICLES I § 12 AND NEW YORK STATE LAW
### (AGAINST ALL DEFENDANTS)

63.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

64.     Without any probable cause or reason to believe that a crime had been committed, was being committed, or was about to or going to be committed Defendants illegally and intentionally handcuffed, arrested, and imprisoned Plaintiff.

65.     The false arrest of Plaintiff without probable cause, and other wrongful acts conducted against Plaintiff, by Defendants constituted false arrest, in violation of Plaintiffs rights secured by the Fourth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, New York State Constitution, New York State laws and the common laws of New York. Such actions were reckless, unreasonable, and unauthorized as Defendants had a duty to not falsely arrest Plaintiff, which such false arrest was in violation of clearly established law.

66.     Each of the individual officers involved in such illegal actions knew, or had reason to know, upon information and belief, that such violations were occurring, and had a realistic opportunity, upon information and belief, to intervene to prevent such violations from occurring.

67.     As a consequence of Defendants' wrongful actions, negligent behavior and violation of Federal and State laws, Plaintiff was falsely arrested and deprived of his freedom for a considerable period of time, and suffered physical and emotional injuries, and was subjected to great fear and terror, and personal humiliation and degradation, and has continued to suffer

physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of Defendants and now fears repetition of the said unlawful conduct by NYPD, the individual officers, or other police officers.

68.      Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SECOND CAUSE OF ACTION**
**FOR FALSE IMPRISONMENT**
**IN VIOLATION OF 42 U.S.C. § 1983**
**NEW YORK STATE CONSTITUTION ARTICLES I § 12 AND NEW YORK STATE LAW**
**(AGAINST ALL DEFENDANTS)**

69.      Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

70.      The accusations and charges against Plaintiff were false and were an attempt to cover up the illegal actions of NYPD and the individual officers.

71.      The false arrest of Plaintiff resulted in false imprisonment as well, as Plaintiff was detained, in custody, and incarcerated for a considerable period of time.

72.      Such false imprisonment was illegal and was in violation of Plaintiffs rights secured by the Fourth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, New York State Constitution, New York State laws and the common laws of New York. Such actions were negligent, reckless, unreasonable, and unauthorized as NYPD and the individual officers had a duty to not falsely imprison Plaintiff, which false imprisonment was in violation of clearly established law.

73.      Each of the individual officers involved in such illegal actions knew, or had reason to know, upon information and belief, that such violations were occurring, and had a realistic opportunity, upon information and belief, to intervene to prevent such violations from occurring.

74.      As a consequence of NYPD and the individual officers' wrongful actions, negligent behavior and violation of Federal and State laws, Plaintiff was deprived of his freedom for a

considerable period of time, was seriously physically and emotionally injured, and was subjected to great fear and terror, and personal humiliation and degradation, and has continued to suffer physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of the police officers and now fears repetition of the said unlawful conduct by NYPD, the individual officers, or other police officers.

75.    NYPD and the individual officers violated the above and Plaintiff suffered numerous damages as a result.

76.    Plaintiff hereby makes a claim against NYPD and the individual officers under all of the applicable laws.

**AS A THIRD CAUSE OF ACTION
FOR EXCESSIVE USE OF FORCE
IN VIOLATION OF 42 U.S.C. § 1983 AND NEW YORK STATE LAW (AGAINST ALL
EFENDANTS**

77.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

78.    Plaintiff was assaulted for no reason whatsoever.

79.    Such assault and battery of Plaintiff constituted an unreasonable excessive use of force, in violation of Plaintiff's rights secured by the Fourth Amendment to the U.S. Constitution, 42 U.S.C. § 1983, New York State Constitution, New York State laws and the common laws of New York. Such actions were reckless, unreasonable, and unauthorized as NYPD and the individual officers had a duty to not to engage in an excessive use of force, which excessive use of force was in violation of clearly established law.

80.    Plaintiff did nothing to warrant any use of force, let alone an excessive use of force.

81. Each of the individual officers involved in such illegal actions knew or had reason to know, upon information and belief, that such violations were occurring, and had a realistic opportunity, upon information and belief, to intervene to prevent such violations from occurring.

82. As a consequence of Defendant City of New York's NYPD and the individual officers' wrongful actions, negligent behavior and violation of Federal and State laws, Plaintiff was seriously physically and emotionally injured, and was subjected to great fear and terror, and personal humiliation and degradation, and has continued to suffer physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of the individual officers and now fears repetition of the said unlawful conduct by Defendant NYPD, the individual officers, or other police officers.

83. Defendant NYPD and the individual officers violated the above and Plaintiff suffered numerous and significant damages as a result.

### AS A FOURTH CAUSE OF ACTION
### FOR MALICIOUS PROSECUTION
### IN VIOLATION OF 42 U.S.C. § 1983 AND NEW YORK STATE LAW
### (AGAINST DEFENDANTS NYPD & THE INDIVIDUAL OFFICERS)

84. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

85. NYPD and the individual officers insisted on prosecuting Plaintiff on the above-mentioned charges, which prosecution was malicious and thereby improper and illegal, and in violation of clearly established law.

86. NYPD initiated and continued Plaintiffs prosecution without probable cause in that they did not honestly, reasonably, and in good faith believed Plaintiff to be guilty of the crimes charged.

87.     NYPD acted maliciously in instigating and continuing the criminal proceeding in that they desired to harm Plaintiff and brought the proceeding for a reason other than a desire to bring a suspected criminal to justice; that is, they acted with actual malice towards Plaintiff.

88.     As a result of the foregoing, Plaintiff has been injured physically and emotionally and in her good name and reputation and has suffered loss of income and other damages.

89.     NYPD violated the above and Plaintiff suffered numerous damages as a result.

90.     Plaintiff hereby makes a claim against NYPD and the individual officers under all of the applicable laws.

**AS A FIFTH CAUSE OF ACTION
FOR ABUSE OF PROCESS
IN VIOLATION OF 42 U.S.C. § 1983
(AGAINST DEFENDANTS NYPD & THE INDIVIDUAL OFFICERS)**

91.     Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

92.     The accusations and charges against Plaintiff were false and were an attempt to cover up the illegal actions of NYPD and the individual officers.

93.     The assault, false arrest, wrongful imprisonment, excessive use of force, malicious prosecution and subsequent charges brought against Plaintiff, which were intentionally and purposefully brought and with knowledge that the charges were false and were being brought for ulterior motives, constituted an abuse of process. Such actions were reckless, unreasonable, and unauthorized as NYPD and the individual officers had a duty to not subject Plaintiff to an abuse of process, in violation of clearly established law and in violation of his rights.

94.     As a consequence of NYPD and the individual officers' wrongful actions, negligent behavior and violation of Federal and State laws, Plaintiff was falsely accused of crimes which he did not commit and was put in jeopardy of going to jail.

95.    Each of the individual officers involved in such illegal actions knew, or had reason to know, upon information and belief, that such violations were occurring, and had a realistic opportunity, upon information and belief, to intervene to prevent such violations from occurring.

96.    As a result of such abuse of process, Plaintiff was seriously physically and emotionally injured, and was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of NYPD and the individual officers and now fears repetition of the said unlawful conduct by other police officers or by the Defendants in this case.

97.    NYPD and the individual officers violated the above and Plaintiff suffered numerous damages as a result.

98.    Plaintiff hereby makes a claim against NYPD and the individual officers under all of the applicable paragraphs of 42 U.S.C. § 1983.

**AS A SIXTH CAUSE OF ACTION**
**FOR SUBSTANTIVE ABUSE OF PROCESS**
**IN VIOLATION OF 42 U.S.C. § 1983**
**(AGAINST DEFENDANTS NYPD & THE INDIVIDUAL OFFICERS)**

99.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

100.    NYPD and the individual officers engaged in behavior shocking to the conscience, including, but not necessarily limited to, trying to get Plaintiff convicted of a crime they knew he did not commit.

101.    Such actions by NYPD and the individual officers were unjustified and improper and constitute violations of Plaintiffs substantive due process rights pursuant to 42 U.S.C. § 1983 and the Fifth Amendment to the United States Constitution.

102.    As a consequence of NYPD and the individual officers' actions, Plaintiff suffered serious physical injury, and was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer physical pain and impairment, and mental and emotional distress, and now fears repetition of such unlawful conduct by NYPD, the individual officers, or other police officers.

103.    Each of the individual officers involved in such illegal actions knew, or had reason to know, upon information and belief, that such violations were occurring, and had a realistic opportunity, upon information and belief, to intervene to prevent such violations from occurring.

104.    As a result of such abuse of process, Plaintiff was seriously physically and emotionally injured, and was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of NYPD and the individual officers, and now fears repetition of the said unlawful conduct by NYPD, the individual officers, or other police officers.

105.    NYPD and the individual officers violated the above and Plaintiff suffered numerous damages as a result.

106.    Plaintiff hereby makes a claim against NYPD and the individual officers under all of the applicable paragraphs of 42 U.S.C. § 1983.

## AS A SEVENTH CAUSE OF ACTION
## FOR PROCEDURAL ABUSE OF PROCESS
## IN VIOLATION OF 42 U.S.C. § 1983
## (AGAINST DEFENDANTS NYPD & THE INDIVIDUAL OFFICERS)

107.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

108.    NYPD and the individual officers, upon information and belief, arrested Plaintiff without an arrest warrant and without probable cause, and under additional circumstances where a warrantless arrest, even if there was probable cause, would have been improper.

109.    Such actions by the individual officers were unjustified and improper and constitute violations of Plaintiffs procedural due process rights pursuant to 42 U.S.C. § 1983 and the Fourth and Fifth Amendments to the United States Constitution.

110.    Each of the individual officers involved in such illegal actions knew, or had reason to know, upon information and belief, that such violations were occurring, and had a realistic opportunity, upon information and belief, to intervene to prevent such violations from occurring.

111.    As a result of such abuse of process, Plaintiff was seriously physically and emotionally injured, and was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of NYPD and the individual officers, and now fears repetition of the said unlawful conduct by NYPD, the individual officers, or other police officers.

112.    NYPD and the individual officers violated the above and Plaintiff suffered numerous damages as a result.

113.    Plaintiff hereby makes a claim against NYPD and the individual officers under all of the applicable paragraphs of 42 U.S.C. § 1983.

**AS AN EIGHTH CAUSE OF ACTION
FOR FAILURE TO INTERVENE
IN VIOLATION OF 42 U.S.C. § 1983
(AGAINST NYPD AND THE ARRESTING OFFICERS)**

114.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

115.    Plaintiff was falsely arrested, falsely imprisoned, subjected to excessive use of force, and maliciously prosecuted, and had process abused against him, and had his substantive and procedural due process rights violated, for absolutely no reason whatsoever.

116.    The individual officers had every opportunity to intervene to prevent the said wrongful acts against Plaintiff, yet each of them failed to intervene to prevent said wrongful acts. Each of the individual officers knew or had reason to know that said acts were wrongful and illegal, and yet each of said individual officers failed to intervene.

117.    Each of the individual officers had a duty to intervene to prevent said wrongful acts and were in the position with opportunity to have intervened, yet failed to do so.

118.    As a consequence of NYPD and the individual officers' actions, Plaintiff suffered serious physical injury, and was subjected to great fear and terror, and personal humiliation and degradation, and has continued to suffer physical pain and impairment, and mental and emotional distress, and fear of repetition of such unlawful conduct by NYPD, the individual officers, or other police officers.

119.    Each of the individual officers involved in such illegal actions knew, or had reason to know, upon information and belief, that such violations were occurring, and had a realistic opportunity, upon information and belief, to intervene to prevent such violations from occurring.

120.    As a result of such abuse of process, Plaintiff was seriously physically and emotionally injured, and was subjected to great fear and terror and personal humiliation and degradation, and has continued to suffer physical pain and impairment, mental and emotional distress as a result of the aforesaid unlawful conduct of NYPD and the individual officers, and now fears repetition of the said unlawful conduct by NYPD, the individual officers, or other police officers.

121.    NYPD and the individual officers violated the above and Plaintiff suffered numerous damages as a result.

122.    Plaintiff hereby makes a claim against NYPD and the individual officers under all of the applicable paragraphs of 42 U.S.C. § 1983.

**AS A NINTH CAUSE OF ACTION**
**FOR *MONELL* ABUSES**
**IN VIOLATION OF 42 U.S.C. §1983**
**(AGAINST MUNICIPAL DEFENDANTS)**

123.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

124.    This unwritten custom, practice, and or policy is employed to unconstitutionally cover-up illegal conduct by NYPD employees and protect those employees from civil liability and/or discipline.

125.    This policy, custom and/or practice is deliberately indifferent to the constitutional rights of individuals, such as Plaintiff, and allowed for the individual officers to deprive the Plaintiff of her rights under both Federal and State law.

126.    Defendant City of New York's NYPD failed to train the individual street level police officers on the proper treatment of members of the public.

127.    The City of New York's NYPD failed to train the individual street level police officers on the rights of members of the public.

128.    The City of New York's NYPD showed deliberate indifference to the rights of the public by failing to properly train these police officers, including the individual officers.

129.    The City of New York's NYPD showed deliberate indifference to the rights of members of the public by failing to properly supervise these police officers, including the individual officers.

130.    At all relevant times herein, Defendant City of New York's NYPD established and/or followed policies, procedures, customs, and or practices, and those policies were the cause of violation of the Plaintiffs constitutional rights granted pursuant to 42 U.S.C. § 1983, as well as the case of Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), including those under the First, Fourth, and Fourteenth Amendments.

131.    All of the aforementioned acts of NYPD, their agents, servants, and employees, were carried out under the color of state law.

132.    Defendant City of New York's NYPD at all times leading up to the date in question, had a duty to the Plaintiff and the citizens and residents of the city of New York to make the appropriate choice among many to (1) establish, implement and follow policies, procedures, customs, and or practices which conform to and provide for the protections guaranteed to Plaintiff under the United States Constitution, including the First, Fourth, and Fourteenth Amendment; (2) select, supervise, train, control, and review the activities of all agents, servants, employees, and police officers in their employ, and (3) refrain from deliberate indifference to the Constitutional rights of the Plaintiff so as to not cause the injuries and damages alleged herein.

133.    Defendant City of New York's NYPD breached their duties and obligations to the Plaintiff by making the wrong choice when; (I) failing to establish, implement, and follow the correct Constitutional policies, procedures, customs, and/or practices; (2) failing to properly select, supervise, train, control, and review the activities of their agents, servants, employees, and police officers as to their compliance with Constitutional safeguards; (3) permitting their agents, servants, employees, and police officers to engage in the unlawful and unconstitutional conduct alleged herein; and (4) exercising, at a minimum, deliberate indifference towards the Constitutional protections afforded to the Plaintiff by disregarding the numerous communications, public repo1is,

meetings and official complaints indicating that the policies, procedures, customs, and/or practices were improper and violated the Plaintiffs Constitutional rights.

134.    Furthe1more, the individual officers, employed by NYPD, carried out the alleged conduct in their capacities as police officers and under the color of state law, pursuant to the policies, procedures, customs, and/or practices of NYPD.

135.    Defendant City of New York's NYPD knew, or should have known, that by making the wrong choice that it was foreseeable it would and did cause members of the public, including Plaintiff, to be injured and damaged as a result of the constitutionally impermissible conduct undertaken pursuant to the policies, procedures, customs, and/or practices, and that such decisions occurred in contravention of public policy and their legal duties and obligations to Plaintiff and other members of the public.

136.    The decisions, actions, and inactions, of Defendant City of New York's NYPD and their agents are the legal cause of injuries to Plaintiff as alleged herein and, as a result, Plaintiff has sustained general and special damages, as well as incurring attorneys' fees, costs, and expenses, including those as authorized by 42 U.S.C. § 1988, to an extent and in an amount subject to proof at trial.

137.    As a result of Defendant City of New York's NYPD's deliberate indifference to the training, supervision and retention policies relating to NYPD's employees, the Plaintiff was caused to suffer severe injuries.

138.    Defendant City of New Yark's NYPD violated the above and Plaintiff suffered numerous damages as a result.

139.    Plaintiff hereby makes a claim against Defendant City of New York's NYPD under all of the applicable paragraphs of 42 U.S.C. § 1983.

## AS A TENTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY
## IN VIOLATION OF STATE & COMMON LAW
## (AGAINST ALL DEFENDANTS)

140.     Plaintiff repeats and re-alleges each and eve1y allegation contained in the above paragraphs of this Complaint.

141.     By their actions, Defendants intentionally placed Plaintiff in fear of imminent and offensive bodily contact and/or wrongfully subjected him to offensive physical contact without his consent and such actions violated Plaintiffs statutory and common law rights as guaranteed by the laws and Constitution of the State of New York and City of New York.

142.     As a result of the foregoing, Plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, mental anguish, costs, and expenses and was otherwise damaged and injured.

143.     Defendants violated the above and Plaintiff suffered numerous damages as a result.

144.     Plaintiff hereby makes a claim against Defendants under all applicable laws.

## AS AN ELEVENTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING
## IN VIOLATION OF STATE & COMMON LAW
## (AGAINST MUNICIPAL DEFENDANTS)

145.     Plaintiff repeats and re-alleges each and eve1y allegation contained in the above paragraphs of this Complaint.

146.     At all relevant times Defendant City of New York's NYPD owed a duty to the Plaintiff and to other persons similarly situated, to use reasonable care and diligence in the recruitment, selection, training, employment, discipline and supervision of on-duty City of New York Police Department police officers and to screen for selection those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard, or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological,

biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

147.    Defendant City of New York's NYPD leadership, managers and supervisors acted negligently and grossly negligently and/or deliberately, intentionally, recklessly and/or wantonly, under circumstances wherein the said Defendants knew or should have known that such acts were contrary to their supervisory duties, in all respects regarding the hiring of the individual officers, and Defendant City of New York's NYPD leadership failed in the duty, above described, with regard to the individual officers as follows:

      a.    Defendant NYPD failed to use reasonable care and diligence when they recruited the said individual officers for employment with the City of New York Police Department;

      b.    Defendant NYPD failed to use reasonable care and diligence when they selected the said individual officers for employment with the City of New York Police Department when they knew, or should have known, that they were ill suited to that Department;

      c.    Defendant NYPD failed to use reasonable care and diligence when they provided inadequate and/or improper training to the individual officers p1ior to and during their employment with the City of New York Police Department;

      d.    Defendant NYPD failed to use reasonable care and diligence when they initially employed the individual officers with the City of New York Police Department when they knew or should have known that they were ill suited to that office; and

e.    Defendant NYPD failed to use reasonable care and diligence when they failed to discipline the individual officers during their employment with the City of New York Police Department.

148.    Each and every action and omission of the individual officers, as alleged above, is a direct and proximate result of the above described negligent and grossly negligent hiring of them by the Defendant NYPD and, as a result, each and every one of those actions and omissions is imputed to Defendant NYPD leadership in their official capacities.

149.    As a result of Defendant NYPD's breach of duty, Plaintiff was caused to suffer severe injuries and damage, without fault or contributing by Plaintiff. As such, Plaintiff suffered and continues to suffer extreme physical, mental, and emotional illness and distress, as well as severe physical, mental, and emotional injuries that are pe1manent in nature and duration.

150.    Defendants are jointly and severally liable for all of Plaintiffs damages, including but not limited to Plaintiffs non-economic loss by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

151.    Defendants are jointly and severally liable for all of Plaintiffs damages, including but not limited to Plaintiffs non-economic loss, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

152.    Defendants are jointly and severally liable for all of Plaintiffs damages, including but not limited to Plaintiffs non-economic loss, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiffs damages.

153.    Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiffs non-economic loss by reason of the fact that Defendants acted

knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiffs injuries.

154.    NYPD and SHEA violated the above and Plaintiff suffered numerous damages as a result.

155.    Plaintiff hereby makes a claim against NYPD, and SHEA under all applicable law.

### AS A TWELFTH CAUSE OF ACTION
### FOR NEGLIGENT SUPERVISION
### IN VIOLATION OF STATE & COMMON LAW
### (AGAINST MUNICIPAL DEFENDANTS NYPD)

156.    Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

157.    At all relevant times Defendant City of New York's NYPD owed a duty to the Plaintiff and to other persons similarly situated, to use reasonable care and diligence in the recruitment, selection, training, employment, discipline and supervision of on-duty City of New York Police Department police officers and to screen for selection those who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard, or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

158.    NYPD leadership, supervisors and managers in their official capacities acted negligently and grossly negligently and/or deliberately, intentionally, recklessly and/or wantonly, under circumstances wherein the said Defendants knew or should have known that such acts were contrary to their duties in all respects regarding the training, certification, discipline, and supervision of the individual officers, and they failed in the duty, above described, with regard to the individual officers as follows:

a.   Defendant NYPD failed to use reasonable care and diligence when they provided inadequate and/or improper training to the said individual officers prior to and during their employment with the City of New York Police Department;

b.   Defendant NYPD failed to use reasonable care and diligence when they employed the said individual officers with the City of New York Police Department when he knew, or should have known, that they were ill suited to that Department;

c.   Defendant NYPD failed to use reasonable care and diligence when they failed to discipline the said individual officers during their employment with the City of New York Police Department;

d.   Defendant NYPD failed to use reasonable care and diligence when they supervised the said individual officers as on-duty City of New York Police Department police officers when they knew, or should have known, that they were ill suited to that office, and improperly trained and disciplined; and

e.   Defendant NYPD failed to use reasonable care and diligence when they promulgated, authorized, initiated, and employed policies and procedures within the City of New York Police Department relating to the hiring, training, employment, discipline, and supervision of its officers.

159.   Each and every action and omission of the individual officers, as alleged above, is a direct and proximate result of the above described negligent and grossly negligent hiring of them by Defendant NYPD leadership, managers and supervisors and, as a result, each and every one of those actions and omissions is imputed to the Defendant NYPD leadership, managers and supervisors in his official capacities.

160.    As a result of Municipal Defendants, NYPD's breach of duty, Plaintiff was caused to suffer severe injuries and damage, without fault or contributing by Plaintiff. As such, Plaintiff suffered and continues to suffer extreme physical, mental, and emotional illness and distress, as well as severe physical, mental, and emotional injuries that are permanent in nature and duration.

161.    Defendants are jointly and severally liable for all of Plaintiffs damages, including but not limited to Plaintiffs non-economic loss by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

162.    Defendants are jointly and severally liable for all of Plaintiffs damages, including but not limited to Plaintiffs non-economic loss, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

163.    Defendants are jointly and severally liable for all of Plaintiffs damages, including but not limited to Plaintiffs non-economic loss, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiffs damages.

164.    Defendants are jointly and severally liable for all of Plaintiffs damages, including but not limited to Plaintiffs non-economic loss by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiffs injuries.

165.    Municipal Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRTEENTH CAUSE OF ACTION
### FOR *RESPONDEAT SUPERIOR*

**<u>IN VIOLATION OF STATE & COMMON LAW</u>**
**<u>(AGAINST DEFENDANTS CITY AND NYPD)</u>**

166.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

167.    Defendant Employers are the employer of the individual officers.

168.    Under the doctrine of *respondeat superior,* Defendant Employers are responsible for the wrongdoing of its employees acting within the scope of their employment -- in this case, the false arrest, malicious prosecution, and excessive force abuses committed by the individual officers against Plaintiff.

169.    As a direct and proximate result of the acts of the NYPD detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

170.    NYPD violated the above and Plaintiff suffered numerous damages as a result.

**<u>AS A FOURTEENTH CAUSE OF ACTION</u>**
**<u>FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**
**<u>IN VIOLATION OF STATE & COMMON LAW</u>**
**<u>(AGAINST ALL DEFENDANTS)</u>**

171.    Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

172.    The actions of the Defendants heretofore described, constituted unlawful detention, imprisonment, assault, and battery, and were designed to and did cause bodily harm, pain and suffering both in violation of Plaintiffs Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, Fourth and Fourteenth Amendments and the Constitution of the State of New York.

173.    Defendants' actions were undertaken under color of law and would not have existed but for Defendants using their official power.

174.    Defendants' conduct was extreme and outrageous in that Plaintiff was assaulted, falsely arrested, and falsely charged with crimes that were dismissed.

175.    Defendants acted with intent to cause, or disregard of a substantial probability of causing, severe emotional distress to Plaintiff.

176.    As a direct and proximate result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer personal injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom.

177.    Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE,** Plaintiff demands judgment against all Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues to be tried.

Dated: May 27, 2025
        New York, NY

                                Respectfully submitted,


                                ____/s/ Tracey L. Brown_____
                                Tracey L. Brown, Esq.
                                The Cochran Firm
                                55 Broadway, 23rd Floor
                                New York, NY 10006
                                T: (212) 553-9215
                                tbrown@cochranfirmny.com